IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Cooper Technologies, Co.,              )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )      Case No. 1:07cv853 (GBL)
                                       )
Jon W. Dudas, Under Secretary of       )
Commerce for Intellectual Property     )
and Director of the United States      )
Patent and Trademark Office,           )
                                       )
          Defendant.                   )

## MEMORANDUM OPINION ORDER

THIS MATTER is before the Court on Thomas & Betts Corporation's Motion to Intervene.  This case concerns Plaintiff Cooper Technology Company's ("Cooper") declaratory judgment challenge to the United States Patent and Trademark Office's interpretation and application of the term "original application" as applied to *inter partes* reexaminations.  Thomas & Betts ("T&B") seeks intervention based on the perceived potential impact of this litigation on pending litigation and *inter partes* and *ex partes* reexaminations involving the parties in Texas.  The issue before the Court is whether T&B is entitled to intervention as of right because the Government does not adequately represent its interests, or, in the alternative, whether T&B should be granted permissive intervention because its inclusion will not cause undue delay or prejudice to the original parties.  The Court holds that T&B is entitled to intervene as of right

1

because, although T&B has an interest similar to that of the Government, there are sufficient differences to justify intervention based on a foreseeable divergence in their respective approaches to the pending litigation.

## I. BACKGROUND

On July 14, 2006, Cooper sued T&B for infringement of U.S. Patent No. 6,984,791 ("the '791 Patent") and U.S. Patent No. 6,504,103 ("the '103 Patent") in the United States District Court for the Eastern District of Texas in case number 2:06-CV-242-TJW ("Underlying Patent Lawsuit"). (Compl. ¶ 13). In December 2006

2

and January 2007 T&B requested reexamination[1] of the '791 and

'103 patents. (Compl ¶ 14.; T&B Mot. Intervene p. 2)

> In addition to seeking *inter partes* reexamination
> of the '791 patent, T&B requested, and the Patent
> Office granted, *ex parte* reexamination of the '103
> patent, which is a parent patent to the '791
> patent. T&B sought *ex parte* reexamination because
> the '103 patent is not eligible for *inter partes*
> reexamination as it did not issue from an original
> application filed on or after November 29, 1999.

(T&B Mot. Intervene 2 n. 1).[2]

---

[1] The glossary of the treatise *Chisum on Patents* explains the reexamination process

> At the request of any person, including the patent
> owner, or on his own initiative, the Commissioner
> of Patents and Trademarks may determine that a
> substantial new question of patentability as to the
> claims of a patent has been raised by the citation
> of prior art patents or publications. Upon such a
> determination, the claims are reexamined according
> to normal examination procedures. After
> reexamination, a certificate is entered cancelling
> unpatentable claims, confirming patentable claims,
> and incorporating amended or new claims.

1 DONALD S. CHISUM, *Chisum on Patents*, at GL-20 (2006). Cooper also provides a useful explanation of an inter partes reexamination in their Complaint.

> The *inter partes* reexamination procedure affords a
> third-party requester the right to participate in
> the reexamination proceeding after the PTO has
> issued a first Office Action. *See* 35 U.S.C. §314.
> In an *inter partes* reexamination proceeding, the
> third-party requester is also afforded the
> opportunity to participate in an appeal of any
> decision adverse to patentability. *See* 35 U.S.C.
> §315. This ability to participate beyond filing a
> request for reexamination can be contrasted to an
> *ex parte* reexamination procedure where, with one
> minor exception . . . the third-party requester's
> participation in the reexamination proceeding ends
> with the filing of a request for reexamination. *See*
> 35 U.S.C. §§ 304-306.

(Compl. ¶ 7).

[2] In Cooper's Complaint, the reexamination associated with the '791 patent is referred to as the '209 *inter partes* Reexamination

On April 13, 2007, the Patent Office granted T&B's request for *inter partes* examination. (Compl. ¶15; T&B Mot. Intervene 2). "Concurrent with its grant of the *inter partes* reexamination, in a First Office Action, the Patent Office rejected every claim of the '791 patent as unpatentable over prior art from Cooper's and T&B's own product catalogs . . . ." (T&B Mot. Intervene 2)

On April 19, 2007, T&B filed a motion to stay the litigation in the Eastern District of Texas because the reexaminations were still pending. (Compl. ¶16). "On May 8, 2007, Cooper filed a Petition at the Patent Office . . . to terminate the *inter partes* reexamination. On June 19, 2007, the Patent Office denied Cooper's 37 C.F.R. §1.182 Petition and ordered that the reexamination proceed." (T&B Mot. Intervene 3) (internal citations omitted).

On June 26, 2007, Cooper filed a petition to suspend the *inter partes* reexamination in order to conduct additional discovery. (Compl. ¶18). T&B filed an opposition to Cooper's petition on July 30, 2007, which included allegations that Cooper failed "to disclose the grant of reexamination on the '103 and '791 patents to the Examiner evaluating a related Cooper patent application, No. 11/275,491 ("the '491 application"). (T&B Mot. Intervene 3; Compl. ¶18). As a result of the information

---

and the reexamination associated with the '103 patent is referred to as the '386 *ex parte* Reexamination based on the serial numbers assigned to the two reexaminations.

4

submitted in T&B's opposition, the Patent Office found the claims in the '491 application to be unpatentable. *Id*.   Both parties agree that this result would have never occurred if not for T&B's participation in the reexaminations. *Id*.

"On July 26, 2007 T&B filed a lawsuit against Cooper in the same court, *Thomas & Betts v. Cooper Power Systems, Inc*. No. 07-CV-313-TJW (E.D. Tex.), alleging that Cooper infringed three patents that are unrelated to the patents asserted by Cooper in its lawsuit, although they deal with other features on similar types of electrical connectors.   T&B filed a motion to consolidate this new lawsuit with the Underlying Patent Lawsuit on August 23, 2007." (Compl. ¶ 17).

Cooper initiated this case against the United States Patent and Trademark Office ("PTO") on August 24, 2007, challenging the meaning of "original application" as applied to §§4601-4608 of the American Inventors Protection Act of 1999 ("AIPA") that established the *inter partes* reexamination procedure.   Cooper argues that "[t]he PTO has implemented the AIPA under an erroneous interpretation of §4608 published in the OFFICIAL GAZETTE of April 11, 2000."   (Compl. ¶9).   Cooper submits that "the filing date of the 'original application' as that term is *properly* interpreted, that corresponds to the '791 Patent, is June 20, 1994." (Compl. ¶13) (emphasis not in original). Therefore, "the '791 Patent is not properly subject to the *inter*

5

*partes* reexamination under the AIPA, which only applies to patents issuing from 'original applications' filed after November 29, 1999." *Id.*

> In Count III of its complaint Cooper states that

>> If the law were applied properly, then the '791 Patent could only be reexamined under the *ex parte* procedure, which would preclude T&B any further participation in the proceeding after the PTO's first Office Action issues. However, if the PTO proceeds under the improper *inter partes* route, T&B has been and will continue to be able to participate in the '209 *inter partes* Reexamination—significantly impairing Cooper's procedural rights, and increasing Cooper's burdens and expenses in defending its patent. . . . Furthermore, T&B's continued participation in the '209 *inter partes* Reexamination will cause Cooper to make additional statements regarding the scope of the patent claims—statements that Cooper would not have to make if the proceeding were *ex parte*.

(Compl. ¶30). Cooper requests, among other things, that the Court "[i]ssue preliminary and permanent injunctions directing Defendant Director to terminate the '209 Reexamination" and that the Court "[i]ssue preliminary and permanent injunctions directing Defendant Director to refrain from accepting any future requests for *inter partes* reexamination relating to the '791 Patent." (Compl. 10-11).

T&B is now before the Court seeking intervention as of right or in the alternative, permissive intervention, in order to protect its interest that T&B believes may be impacted by the outcome of this litigation.

6

## II. DISCUSSION

### A. Standard of Review

Under the Federal Rules of Civil Procedure, intervention of right is appropriate

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2).  In the Fourth Circuit, a party seeking intervention as of right must demonstrate, "first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest." *Virginia v. Westinghouse Elec. Co.*, 452 F.2d 214, 216 (4th Cir. 1976).

Alternatively, permissive intervention is available when "an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b)(2).

7

## B. Analysis

The Court grants T&B intervention as of right because they have a sufficient interest in the pending matter, which will be impaired if they are not permitted to intervene and their interest in the litigation is not adequately represented. Alternatively, the Court finds that permissive intervention is appropriate because no undue delay or prejudice will be caused by T&B's intervention.

### *Intervention as of Right*

#### 1. Sufficiency of Interest

Because of the impact of the outcome of this litigation on other pending litigation involving Cooper and T&B, T&B's interest in this matter is sufficient to merit intervention as of right. "[I]n cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention." 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE; FEDERAL PRACTICE & PROCEDURE: CIVIL § 1908 (2d ed. 1986). In addition, although

> Federal Rule of Civil Procedure 24(a) does not
> articulate the nature of the interest in an
> action which is sufficient to permit intervention
> as of right, . . . the Supreme Court of the
> United States has held that "[w]hat is obviously
> meant . . . is a significantly protectable

8

> interest." *Donaldson v. United States*, 400 U.S.
> 518 (1971) . . . . To be protectable, the
> putative intervenor's claim must bear a close
> relationship to the dispute between the existing
> litigants and therefore must be direct, rather
> than remote or contingent.

*Dairy Maid Dairy, Inc. v. United States* 147 F.R.D. 109 (E.D. Va.
1993).

In this case, the parties contest the proper definition of
"original application" as applied to sections 4601-4608 of the
American Inventors Protection Act of 1999.  The definition is
critical in the application of the statute to the pending *inter
partes* reexamination between the parties.  As has been
established, several contentious patent issues exist between the
parties, and the outcome of those disputes will be greatly
impacted by how this term is defined.

In addition, T&B's claim bears a close relationship to the
dispute between the existing litigants.  Cooper acknowledges as
much in their prayer for relief which includes two separate
requests with respect to the pending reexaminations between
Cooper and T&B.  Where the intervenor stands "to gain or lose by
the direct legal operation of the district court's judgment" on
the plaintiff's complaint, the intervenor's interest in the
subject matter of the litigation is significantly protectable.
*Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).  Because of
the impact that the outcome of this litigation will have on T&B

9

their interest is sufficient to merit intervention as of right in this matter.

### 2. Impairment of Interest without Intervention

T&B is permitted to intervene because if Cooper prevails in the present litigation, T&B will lose their right to participate in the Patent Office's reexamination of the validity of the '791 patent. "An applicant's interest is plainly impaired if disposition of the action in which intervention is sought will prevent any future attempts by the applicant to pursue its interest." 6-24 James Wm. Moore et al., Moore's Federal Practice—Civil § 24.03 (3d ed. Supp. 2007).

The parties concede that if Cooper were to be successful in this litigation and receive the relief sought it would have a significant impact on T&B's participation in the pending *inter partes* reexamination where T&B is actively contesting the validity of Cooper's patent.

### 3. Inadequate Representation of Interest

Although the Government and T&B both have an interest in seeing the present definition of "original application" upheld, it is arguably for different reasons, one narrow and one broad, that might foreseeably dictate different approaches to the litigation. Therefore, it is proper to find that the Government does not adequately represent the interest of T&B. "The requirement of [] Rule [24(a)] is satisfied if the applicant

shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). "There is good reason in most cases to suppose that the applicant is the best judge of the representation of his own interest and to be liberal in finding that one who is willing to bear the cost of separate representation may not be adequately represented by the existing parties." 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE; FEDERAL PRACTICE & PROCEDURE: CIVIL § 1909 (2d ed. 1986). When a party to an existing suit must represent multiple and distinct interests, those multiple interests may dictate a different approach to the litigation, and a party representing one of those interests exclusively should be allowed to intervene. *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund. Soc.*, 819 F.2d 473, 475-76 (4th Cir. 1987).

In this instance, the Government, as a defendant, has a very broad interest in upholding the current definition of the disputed term. The Government seeks to vindicate their logic and reasoning in defining the term. T&B's interest is to vindicate its claims in its ongoing patent infringement dispute with Cooper. Because of the broad scope of the Government's interest it is conceivable that there would be a divergence in litigation strategies despite the fact that both the Government and T&B wish

11

to see the current definition of "original application"
maintained.  It is also foreseeable that, because the Government
has no specific interest in the separate matter between T&B and
Cooper, they would not advocate as zealously for the denial of
the relief sought by Cooper with specific reference to T&B.  In
addition, it is unlikely that the Government can be relied upon
to inform the Court of the impact of its decisions on the pending
litigation in the Eastern District of Texas if T&B is prevented
from intervening in this case.  Cooper cites a case from the
Ninth Circuit, *Lockyer v. United States*, for the proposition that
there is a presumption of adequacy when the other party is the
Government, however this does not carry the day.  *Lockyer v.
United States,* 450 F.3d 436, 443-44 (9th Cir. 2006).
Irregardless of the fact that the Fourth Circuit has not adopted
such a presumption, T&B has adequately overcome any presumption
that may exist by showing that there are sufficiently different
interests or ultimate objectives.  Consequently, T&B is granted
intervention as of right due largely to the inadequacy of
representation of its interests by the current parties.

12

*Permissive Intervention*

Alternatively, T&B is granted permissive intervention because "T&B's defense hinges on the Patent Office's interpretation and implementation of AIPA §4608—the very subject of Counts I, II, and IV of Cooper's complaint." (T&B Mot. Intervene 6).

> [A] party may be permitted to intervene pursuant to Rule 24(b)(2), at the discretion of the court, provided the motion is timely and the applicant presents a question of law or fact in common with that presented by the litigation. . . Whether a motion to intervene was timely must be determined based on all the circumstances. Factors to consider include the point to which the suit has progressed at the time the motion to intervene was filed; the length of time the applicant knew, or should have known, of the litigation before filing its motion to intervene; and prejudice to existing parties that would result from allowing the intervention. The Fourth Circuit has stated that the most important factor in determining whether a motion to intervene is timely is the prejudice caused to the other parties by the delay.

*Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.* 117 F.Supp. 2d 508, 514 (E.D. Va. 2000) (internal citations omitted).

Neither party contests that T&B's defense has a common question of law or fact with this matter. T&B has done everything conceivable to avoid any delay in this matter. T&B sought intervention as soon as they were aware of the existence of this matter, despite Cooper's failure to notify T&B that Cooper had filed its complaint with this Court. (T&B Mem. Supp. Mot. Intervene 6). T&B also informed Cooper that Cooper had

13

failed to file their response to T&B's Motion to Intervene in time and consented to Cooper's request to the Court for additional time. *Id.* Additionally, T&B sought to expedite the hearing on this matter and had already prepared their own Motion for Summary Judgment and Opposition to Cooper's Motion for Summary Judgment that it was prepared to serve on the parties on October 5, 2007, one day after the other parties motions were due to this Court. *Id.* Finally, T&B is prepared to abide by the existing briefing schedule if permitted to intervene. *Id.* As there is no conceivable delay to prompt resolution of Cooper's action, the Court finds that Cooper will not be prejudiced by granting T&B permissive intervention.

**Conclusion**

The Court grants T&B's Motion to Intervene because of the impact that the outcome of this matter could have on another matter between T&B and Cooper currently pending before the United States District Court for the Eastern District of Texas, and because T&B's interest is not adequately represented by the Government, intervention is granted as of right.

Alternatively, there is no reason to deny permissive intervention.

For the foregoing reasons, it is hereby

ORDERED that T&B's Motion to Intervene is GRANTED as a matter of right.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this _30_ day of October, 2007.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
10/ 70 /07

15